**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| **ANTHONY GEORGE**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**HANDICAPPED DRIVER SERVICES-FLORIDA, LLC** (d/b/a MOBILITYWORKS),<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 2:26-cv-3114**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, ANTHONY GEORGE ("GEORGE" or "Plaintiff"), by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Age Discrimination in Employment Act (ADEA) and the Florida Civil Rights Act (FCRA) for (1) age discrimination in violation of the ADEA, and (2) age discrimination in violation of the FCRA.

## PARTIES

2. The Plaintiff, ANTHONY GEORGE ("GEORGE"), is an individual and a resident of Florida who at all material times was employed by the Defendant.

3. Defendant, **HANDICAPPED DRIVER SERVICES-FLORIDA, LLC**, d/b/a MOBILITYWORKS ("Defendant"), is a Florida limited liability company that employed GEORGE in Lee County, Florida

4. At all material times, the Defendant employed greater than twenty (20) employees.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this matter under 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over GEORGE's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff worked for the Defendant in Lee County, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in, Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division since Lee County is within the Fort Myers Division.

8. GEORGE timely filed his Charge of Discrimination against the Defendant, which was dual filed with the EEOC and the Florida Commission on Human Relations, and GEORGE received a Notice of Right to Sue from the EEOC on or about August 23, 2026. This action is filed within ninety (90) days of GEORGE's receipt of the Notice of Right to Sue.

## GENERAL ALLEGATIONS

9. GEORGE began his employment with the Defendant in or about July 2019, initially working as a Service Manager at the Defendant's Albany, New York store.

10. In or about September 2021, the Defendant promoted GEORGE and relocated him to the Fort Myers, Florida location, where he was employed as the General Manager.

11. GEORGE was paid a salary of approximately $75,000 per year, plus bonus compensation tied to his store's performance. His most recent bonus was approximately $22,000.

12. GEORGE was born in 1959 and thus was well over the age of 40 at the time of his termination by the Defendant.

13. GEORGE always performed his assigned duties in a professional manner and was very well qualified for his position.

14. GEORGE always met and exceeded performance and productivity goals, received positive performance feedback, earned performance-based bonus compensation, and received high marks on his mid-year performance review in or about June 2025.

15. Beginning in or about 2022, GEORGE was subjected to discrimination based upon his age.

16. GEORGE's direct supervisor, Regional Sales Manager Jerald Ochsner, repeatedly asked GEORGE how old he was and when he was going to retire.

17. GEORGE was also directly instructed not to hire applicants who appeared to be over approximately 50 to 55 years old, demonstrating the Defendant's discriminatory preference for younger workers and bias against older workers.

18. In or about October 2025, the Defendant brought a significantly younger employee, approximately 30 years of age, into the Fort Myers store. The younger employee continually expressed his desire to become the General Manager, was in constant contact with GEORGE's supervisor, and was positioned to replace GEORGE.

19. Approximately two weeks before his termination, the Defendant issued GEORGE a "note to file" asserting that the store was underperforming.

20. On or about February 17, 2026, the Defendant terminated GEORGE's employment, claiming that he was terminated for "poor performance."

21. The Defendant's stated reason for GEORGE's termination is pretextual. GEORGE had not received negative performance reviews, had earned performance-based bonus compensation, and was terminated shortly after the Defendant brought in a significantly younger employee who wanted GEORGE's General Manager position.

22. A younger employee with inferior qualifications and performance replaced GEORGE and/or assumed the essential functions of GEORGE's position.

23. At all material times, the Defendant was aware of GEORGE's age, which is the basis for its discriminatory employment practices toward him.

## COUNT I - VIOLATION OF THE ADEA

24. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

25. GEORGE was an employee, and the Defendant was his employer covered by and within the meaning of the ADEA.

26. GEORGE is a member of the protected age class (over the age of 40).

27. GEORGE was well qualified for the position he held with the Defendant.

28. Despite his qualifications, GEORGE has suffered adverse employment action in the form of termination.

29. A younger person with inferior qualifications and performance replaced GEORGE.

30. The Defendant sought applicants for the same position that GEORGE held who were outside of GEORGE's protected class.

31. The Defendant has discriminated against GEORGE in the terms and conditions of his employment on the basis of his age, in violation of the ADEA.

32. The Defendant engaged in unlawful employment practices in violation of the ADEA, 29 U.S.C. § 623, by terminating GEORGE because of his age.

33. The Defendant's violations of the law were knowing and willful.

34. A causal connection exists between GEORGE's age and his termination.

35. As a result of the above-described violations of the ADEA, GEORGE has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

36. GEORGE has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Liquidated damages, and;

vi. Such other relief as this Court shall deem appropriate.

## COUNT II - VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT - AGE DISCRIMINATION

37. Plaintiff incorporates by reference Paragraphs 1-23 of this Complaint as though fully set forth below.

38. GEORGE was an employee, and the Defendant was his employer covered by and within the meaning of the FCRA.

39. GEORGE is a member of the protected age class (over the age of 40).

40. GEORGE was well qualified for the position he held with the Defendant.

41. Despite his qualifications, GEORGE has suffered adverse employment action in the form of termination.

42. A younger person with inferior qualifications and performance replaced GEORGE.

43. The Defendant sought applicants for the same position that GEORGE held who were outside of GEORGE's protected class.

44. The Defendant has discriminated against GEORGE in the terms and conditions of his employment on the basis of his age, in violation of the FCRA.

45. The Defendant engaged in unlawful employment practices in violation of the FCRA by terminating GEORGE because of his age.

46. The Defendant's violations of the law were knowing and willful.

47. A causal connection exists between GEORGE's age and his termination.

48. As a result of the above-described violations of the FCRA, GEORGE has been damaged by the Defendant in the nature of lost wages, salary, employment benefits, mental/emotional damages and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and attorney fees.

49. GEORGE has exhausted his administrative remedies and this count is timely brought.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received had he maintained his position with Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: November 18, 2026

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com